WILLIAM CALDERON,

        Plaintiff,

        v.                              Case No. 19-C-1839

LIEUTENANT WILD,
LIEUTENANT MARTINEZ, and
LIEUTENANT BISCHOFF,

        Defendants.

## SCREENING ORDER

Plaintiff William Calderon, who is currently housed at the Waukesha County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $19.20. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that he submitted an inmate grievance because the Jail stopped providing the Telemundo channel. He also filed a grievance directed to Deputy Jail Administrator Wollenhaupt complaining about the way Lieutenant Wild handled his inmate communication forms. He claims that Lieutenant Wild broke chain of command by reviewing the grievance so that it would not go to Wollenhaupt, the Deputy Jail Administrator. He asserts that the "chain of

command" is (1) Jail Administrator, (2) Deputy Jail Administrator, (3) Captain of Correction, (4) Lieutenant, and (5) Commanding Officer. Plaintiff asserts that, although lieutenants review grievances when the correction captain is not available, Lieutenant Wild should not have responded to the grievance because it complained about her conduct. When Plaintiff complained to Lieutenant Martinez, she said that Lieutenant Wild may have responded to the grievance because there were no other captains around. Plaintiff claims that Lieutenant Bischoff told him his Level 2 grievance regarding the Telemundo television channel was denied because he did not follow proper procedure.

## THE COURT'S ANALYSIS

Plaintiff asserts that the defendants mishandled his grievances. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). As a result, any allegations of mishandling of an inmate's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim. *Id.* Because Lieutenant Martinez and Lieutenant Bischoff did not cause the underlying conduct Plaintiff complained about in his grievance, he has failed to state a claim against them.

Plaintiff asserts that Lieutenant Wild should not have responded to the grievance he filed complaining about her conduct. But Plaintiff could have appealed Lieutenant Wild's decisions to the commanding officer, and Plaintiff does not allege that, in denying his grievance, Lieutenant Wild blocked his access to the courts to file a lawsuit regarding his claim. *See Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015) ("But the inadequacies of the grievance procedure itself, as distinct from the consequences, cannot form the basis for a constitutional claim."); *see also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (noting that "procedural right"

concerning the handling of grievances exists "to ensure that prisoners and detainees can access the courts"). As a result, Plaintiff has failed to state a claim upon which relief can be granted against Lieutenant Wild.

Plaintiff also claims that the defendants were negligent in their handling of his grievances. The negligent conduct on the part of a state official, however, is insufficient to state a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (finding that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property"). The court has no jurisdiction over Plaintiff's state law claim; therefore, this claim will be dismissed without prejudice. Although Plaintiff is foreclosed from pursuing his negligence claim in federal court, he may pursue it in state court.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $330.80 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding

month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin this 31st day of January, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.